UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER CASEY,                      CIVIL NO. 04-3856 (JRT/JSM)

     Petitioner,

v.                                  <u>REPORT AND RECOMMENDATION</u>

DONALD L. STINE,

     Respondent.


JANIE S. MAYERON, United States Magistrate Judge

     This matter is before the undersigned Magistrate Judge of the District Court on the Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].  Petitioner claims that the Bureau of Prisons ("BOP") has miscalculated the number of days of "good time credit" that he should receive, and that the BOP therefore intends to hold him in custody beyond his proper release date.  Respondent has filed a Respondent's Opposition to Petitioner's Habeas Petition [Docket No. 5], contending that Petitioner failed to properly exhaust his administrative remedies prior to bringing his § 2241 petition, and in the alternative, has asked for dismissal of the petition on the grounds that release date has been correctly determined.

     The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  The Court finds that it is no longer possible to provide any meaningful relief to Petitioner by writ of habeas corpus, because he has already been released from his confinement.  It will therefore be recommended that the instant petition be summarily DISMISSED AS MOOT.

1

**I.     BACKGROUND**

On July 25, 2001, Petitioner was sentenced to a 46-month prison term with a concurrent sentence of 12 months for various narcotics violations. Petitioner served his sentence at the Federal Prison Camp in Duluth, Minnesota.

According to the BOP, Petitioner could earn a total of 180 days of good time credit, if he did not lose any such credit due to bad behavior. If he actually earned all of those 180 days of good time credit, then his release date would be December 20, 2004. Petitioner disagreed with the BOP's calculations. He claimed that he should have been given 207 days of good time credit, assuming he maintained good conduct for the balance of his prison term, and that he should actually have been released from prison on November 23, 2004.

**II.    DISCUSSION**

> "Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies.... This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action."

Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (citations and internal quotations omitted; emphasis added).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action. In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir.), cert. denied, 519 U.S. 980 (1996). If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. Lewis v. Continental Bank Corp., 494 U.S. 472, 477

(1990).

As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely release from custody. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).  Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit. <u>Id.</u> If the petitioner is challenging a criminal conviction, a writ of habeas corpus might still benefit him, even after he has been released from custody, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law." <u>Id.</u> at 9, citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968). Such "collateral consequences" might include restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions. However, a habeas petitioner obviously cannot rely on the collateral consequences of his conviction to save his case from mootness, if he is not challenging his conviction, but only the length of his sentence.

In this case, Petitioner is not presently challenging the validity of his conviction. He is seeking a writ of habeas corpus that would reconsider his good time credits, and thereby shorten the duration of his imprisonment. Because he has already been released from prison, it would serve no useful purpose to reconsider his good time credits. There are no remaining "collateral consequences" associated with Petitioner's good time credits, and reconsidering those good time credits now would afford him no meaningful benefit. Therefore, the instant petition is now moot. <u>See</u> <u>Wharton v. Hood</u>, 23 Fed.Appx. 841 (9th Cir. 2001) (unpublished opinion) (§ 2241 habeas petition challenging the revocation of lost good time credits was dismissed as moot, because the petitioner had been released from custody and the court therefore "lack[ed] the ability to remedy his grievance"); <u>McClain v.</u>

3

Gasele, No. 93-2135 (8th Cir. 1993), 1993 WL 503246, at *2 (unpublished opinion) (prisoner's request for restoration of good time credits was moot because he had already been released from prison); Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir. 1986) (habeas corpus petition dismissed as moot where petitioner had been released from prison, and he was not challenging a conviction that would involve "continuing negative consequences").[1]

### III.    CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's habeas corpus petition has been rendered moot by his release from prison.  Even if Petitioner could sustain his habeas claims, he could not be granted any relief other than reconsideration of his good time credits.  Because such relief would now be meaningless, and there is no other actual relief that could be provided to Petitioner by a writ of habeas corpus, there is no longer any live case or controversy to be resolved here.  This action must therefore be dismissed as moot.

### IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, [Docket No. 1], be DISMISSED AS MOOT.


Dated:      May 19, 2005

---

[1] Even if Petitioner's Petition was not moot, the Court would have recommended that the Petition be denied based on the Eighth Circuit's holding in James v. Outlaw, No. 04-2686, 2005 WL 677769 at *1 (8th Cir. March 24, 2005), which, relying on the Seventh Circuit's decision in White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004), rev'd, 390 F.3d 997 (7th Cir. 2004) and the Ninth Circuit's decision in Pacheo-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), has concluded that § 3624(b) is ambiguous and therefore, the BOP's interpretation of the statute should be enforced.  See James, 2005 WL 677769, at *1.

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 6, 2005** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.